IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DOUGLAS J. KOLB, | ) | |
|     Petitioner, | ) | Civil Action No. 7:14cv00060 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Michael F. Urbanski |
|     Respondent. | ) | United States District Judge |

Petitioner Douglas J. Kolb, a Virginia inmate proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the Virginia Parole Board's ("Board") revocation of his mandatory parole. Respondent filed a motion to dismiss, and Kolb has responded thereto, making this matter ripe for disposition. For the reasons stated herein, the court will deny respondent's motion to dismiss without prejudice.

**I.**

In 1980, Kolb, while on probation from a 1972 conviction, was convicted of first degree murder and use of a firearm and sentenced to 49 years.[1] These convictions caused the revocation of Kolb's 5-year suspended sentence imposed in 1972, and Kolb was ordered to serve the 5-year sentence consecutively to the new 49-year sentence. While serving the total 54-year sentence, Kolb alleges that he accrued approximately 23 years of good time credit. Kolb was released on mandatory parole on June 22, 2009.

In August 2011, Kolb was convicted of drug offenses in Franklin County, Virginia and sentenced to 30 years imprisonment, with 25 years suspended. In September 2011, the Board found that Kolb's drug convictions violated the terms of his mandatory parole, revoked parole,

---

[1] The court notes that the facts set forth in this opinion are drawn from Kolb's instant petition, his petition for writ of mandamus filed in state court, and state court online records.

and imposed a sentence consisting of the unserved portion of Kolb's 54-year prison term, most of which consisted of the good time credit Kolb had previously earned.

Kolb argues that the Board's imposition of Kolb's accumulated good time credit as a new sentence after the revocation of his mandatory parole violated the Double Jeopardy Clause of the Fifth Amendment and that the Board's application of Virginia Code § 53.1-159[2] violated the Ex Post Facto Clause. As relief, Kolb requests that Virginia Department of Corrections' files and records be changed to reflect that Kolb completely served his 1972 and 1980 sentences and that he be "discharge[d] from custody on those sentences."

In 2013, Kolb filed a petition for writ of mandamus in the Supreme Court of Virginia, raising the claims he now raises with this court. The Supreme Court of Virginia ultimately dismissed Kolb's petition after finding that "mandamus does not lie in this matter." Kolb v. Clarke, No. 130293 (Va. Aug. 2, 2013). Respondent now moves to dismiss Kolb's federal habeas petition because "Kolb has not previously filed any state habeas corpus relating to the issues raised" in his federal petition. In response to the motion to dismiss, Kolb concedes that he has not filed a state habeas petition but argues that he has no state court remedies currently available to him because a state habeas petition would now be untimely filed under state law.

## II.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a petition to determine whether the petitioner has properly stated a claim; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true and must

---

[2] Virginia Code § 53.1-159 was enacted in 1994 and, *inter alia*, gives the Board authority to forfeit a mandatory parole violator's good time credit.

draw all reasonable inferences in favor of the non-moving party. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

In this case, Kolb filed a petition for writ of mandamus in the state court and argues that he no longer has any state court remedies available to him. See Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). Although respondent correctly states that Kolb has not filed a state habeas petition, respondent does not address whether any state court remedy currently exists. Accordingly, the court will deny respondent's motion to dismiss without prejudice and give respondent the opportunity to file a new dispositive motion. If respondent chooses to file another motion to dismiss on the basis of exhaustion, he should describe how Kolb's petition for writ of mandamus is insufficient to satisfy the exhaustion requirement, whether any state court corrective process exists to address Kolb's claims, and whether any state corrective process that does exists would be effective to protect Kolb's rights. See 28 U.S.C. § 2254(b)(1)(A)-(B).

Entered: January 27, 2015

*Michael F. Urbanski*

Michael F. Urbanski
United States District Judge