IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | | |
|---|---|---|---|
| DOUGLAS JAY KOLB | ) | Case No.7:14cv00060 | |
|     Petitioner | ) | | |
| v. | ) | | |
| | ) | | |
| HAROLD W. CLARKE, | ) | By: | Michael F. Urbanski |
|     Respondent. | ) | | United States District |

**MEMORANDUM OPINION**

Petitioner Douglas Jay Kolb, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) The court previously dismissed without prejudice Respondent's first motion to dismiss and directed Respondent to file another motion more directly addressing the timeliness of the petition, exhaustion, and the claims in the petition. (Doc. No. 13.) After Respondent filed the second motion to dismiss (Doc. No. 16), Petitioner filed a response to that motion (Doc. No. 20), making this matter ripe for disposition. After reviewing the record, the Court will grant Respondent's motion to dismiss because Petitioner did not file his petition within the one-year limitation period required by section 2254(d)(1).

**I.**

While on probation from a 1972 conviction, Petitioner was convicted in 1980 of first-degree murder and use of a firearm in the commission of a felony.[1] Petitioner received a 48-year sentence for the murder conviction, a one-year sentence for the firearm conviction, and a revocation of the five-year suspended sentence for the 1972 conviction, all to be served consecutively. Having accumulated over twenty-three years of good time credit pursuant to

---

[1] The court has drawn the facts set forth in this opinion from Petitioner's petition for a writ of habeas corpus, his state court petition for a writ of mandamus, and state court record.

Virginia Code. §§ 53.1-198 and 53.1-201,[2] Petitioner was released on mandatory parole pursuant to Virginia Code § 53.1-159 on June 22, 2009. Virginia Code § 53.1-159 provides that prisoners sentenced under Virginia laws shall be released on parole six months prior to their dates of final release, that they shall be subject to at least six months of supervision after release, and that they shall be subject to "an additional period of parole ending on the date upon which the parolee would have served the maximum term of confinement, or any period the [Virginia Parole] Board otherwise deems appropriate in accordance with § 53.1-156."

On August 2, 2011, Petitioner was convicted of two drug offenses in Franklin County, Virginia. For those offenses, Petitioner was sentenced to two consecutive fifteen-year terms, with twenty-five years suspended. On September 25, 2011, the Virginia Parole Board revoked Petitioner's parole and reinstated the time left to serve on his 1980 sentences, twenty-three years, seven months, and twenty-six days. The majority of this time imposed by the Board was the good time credit Petitioner had previously earned. Pursuant to Virginia Code § 53.1-165, after a hearing, "[t]he Board, in its discretion, may revoke the parole [of a recommitted parolee] and order the reincarceration of the prisoner for the unserved portion of the term of imprisonment originally imposed upon him." The Board thus exercised its authority under § 53.1-159 "to require the prisoner to serve the full portion of the term imposed by the sentencing court which was unexpired when the prisoner was released on parole."

Petitioner discovered that the Board had reinstated the unserved portion of his previous sentence when he received a Legal Update from the Virginia Department of Corrections on October 18, 2011. Petitioner appealed this decision on November 11, 2011. The Board rejected his appeal on February 13, 2012, stating that "[t]he Parole Board has the absolute authority under

---

[2] Virginia Code § 53.1-198 allowed certain prisoners convicted of a felony prior to June 30, 1981, to opt in to the new good conduct system that classified prisoners based on conduct and job performance and that granted specific amounts of sentence credit depending upon classification. Petitioner opted in to the new system.

2

VA Code Section 53.1-136 and 53.1-159 to revoke and impose the unserved portion of your original prison term." Believing that he had completed his 1980 sentences upon his release in 2009, Petitioner filed a petitioner for a writ of mandamus in the Supreme Court of Virginia on February 10, 2013. The Supreme Court of Virginia dismissed the petition on April 30, 2013, ruling that it was not timely filed. Petitioner filed a motion for rehearing on May 22, 2013, pointing out that he had complied with the state's one-year statute of limitations for filing a writ of mandamus because the Board's action prompting the writ was not finalized until the Board ruled on his appeal on February 13, 2012. The Supreme Court of Virginia granted the petition for rehearing on August 2, 2013. Also on August 2, 2013, the court dismissed the petition, ruling that "mandamus does not lie in this matter and the writ of mandamus should not issue as prayed for." Petitioner again requested a rehearing on August 25, 2013, and the Supreme Court of Virginia denied the request on November 7, 2013.

Petitioner executed his petition for a writ of habeas corpus with this court on January 28, 2014, and it was date-stamped as filed with the court on February 11, 2014. Petitioner argues that the Board's revocation of his credited good time violates the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and that the Board's application of section 53.1-159 violates the Constitution's Ex Post Facto Clause. (Pet. for a Writ of Habeas Corpus 6-7, Jan. 28, 2014.) As relief, Petitioner requests this court to require the Virginia Department of Corrections to change their files to reflect that his sentences from 1972 and 1980 have been completely served and that Petitioner is "discharged from any further obligation on those sentences." (Id. 31.)

## II.

In his second motion to dismiss, Respondent asks this court to dismiss the petition because (1) it is barred by the one-year statute of limitations imposed by 28 U.S.C. § 2254, (2) Petitioner failed to exhaust his state court remedies, (3) Petitioner has procedurally defaulted his claims, and (4) and (5) both claims fail on the merits. Because Petitioner has not filed within the one-year limitation period, the court will dismiss based upon timeliness and not address the issues of exhaustion, procedural default, and the merits.

The one-year period of limitations for filing a habeas petition under section 2254 beings to run on the latest of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2254(d)(1). The one-year filing period is tolled while the prisoner's "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2254(d)(2); see Wall v. Kholi, 562 U.S. 545, ___, 131 S. Ct. 1278, 1282 (2011) (holding that "the phrase 'collateral review' means judicial review of a judgment in a proceeding that is not part of direct review"). Petitioner discovered the factual predicate to his claims on October 18, 2011, the date that the Virginia Department of Corrections informed him via the Legal Update that the Board had revoke his parole and determined that he should serve the remainder of his unserved sentences. Out of an abundance of caution, the court

4

agrees with Petitioner that the limitations period for those claims began on the date that the Board denied Petitioner's appeal of his parole revocation decision.[3]

Petitioner had one year from February 13, 2012, to file his federal habeas petition. Because Petitioner did not file his state petition for a writ of mandamus until February 10, 2013, 363 days of that year had passed until his state post-conviction action tolled the federal limitations period. That tolling ended on November 7, 2013, when the Supreme Court of Virginia denied his final petition for rehearing of his mandamus claims. To file a timely petition in this court, Petitioner should have filed his petition on or before November 12, 2013.[4] Petitioner filed his federal petition on January 28, 2014, missing the limitations deadline by more than two months.

In arguing that he filed his petition in a timely manner, Petitioner misses the distinction between the limitations period and the tolling of the limitations period under section 2254(d). Petitioner argues, essentially, that his one-year clock should have started on November 7, 2013, when the Supreme Court of Virginia disposed of his mandamus claims. Petitioner asserts that the court should "count[] toward the tolling of the limitations period all the time during which a petitioner is diligently pursuing review of his claims." (Pet'r's Resp. to Supp. Rule 5 Ans. & Mot. To Dismiss 2, Mar. 23, 2015.)[5] Indeed, section 2254(d) does allow the court to count in the tolling period all the time that Petitioner was pursuing his state collateral relief, but the tolling period does not restart the limitations clock. On the day Petitioner tolled the federal statute of

---

[3] Respondent mistakenly cites January 13, 2012, as the date of the Board's decision rejecting Petitioner's appeal. February 13, 2012 is the correct date.

[4] November 9, 2013, two days after tolling ceased, was a Saturday; the following business day was Tuesday, November 12, 2013.

[5] Petitioner relies on Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002), but this case is inapposite. In it, the Fourth Circuit vacates the district court's sua sponte dismissal of a habeas petition because of untimeliness. Acknowledging that timeliness is an affirmative defense to be raised by the respondent, the court of appeals vacated the sua sponte dismissal because the district court did not allow the pro se petitioner a chance to raise "any facts not apparent to the court that militate against the applications of the limitations bar." Hill, 277 F.3d at 707.

5

limitations by filing his state petition for a writ of mandamus, he had only two days remaining in his one-year limitations period. By filing his federal petition seventy-seven days later, Petitioner did not meet this deadline.

Petitioner likewise does not present any evidence to justify equitable tolling of the limitations period. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quotation marks omitted) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). Thus a petitioner must have "been pursuing his rights diligently, and . . . some extraordinary circumstance stood in his way" to prevent timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010).

Petitioner has not cited any circumstance external to his own actions that prevented him from filing his petition, and his own misunderstanding of the calculation of the statutory deadline for federal habeas relief does not support granting such extraordinary relief. Harris, 209 F.3d at 330; see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (noting that pro se status and ignorance of the law does not justify equitable tolling). Accordingly, Petitioner filed his federal habeas petition more than one year, including tolling, after his claims accrued, and he is not entitled to equitable tolling. The petition must be dismissed as time-barred.

### III

For the forgoing reasons, the court grants Respondent's motion to dismiss and dismisses the petition for a writ of habeas corpus. Because the court does not believe that this procedural ruling is debatable by reasonable jurists, the court declines to issue a certificate of appealability under 28 U.S.C. § 2253(c). Slack v. McDaniel, 529 U.S. 473, 484 (2000).

6

Case 7:14-cv-00060-MFU-RSB   Document 21   Filed 04/23/15   Page 6 of 7   Pageid#: 147

Entered: April 23, 2015

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge