CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 13 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DOUGLAS JAY KOLB, | ) | Case No. 7:14-cv-00060 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| HAROLD W. CLARKE, | ) | United States District Judge |
| Respondent. | ) | |

## MEMORANDUM OPINION

This matter is before the Court on Petitioner Douglas Jay Kolb's Motion/Petition for Rehearing or Reconsideration (Doc. No. 23) of the Court's Order of April 23, 2015 (Doc. No. 22), under Federal Rule of Civil Procedure 59(e). For the following reasons, this motion is denied.

As stated by the United States Court of Appeals for the Fourth Circuit, Rule 59(e) allows the district court to alter or amend a judgment:

> only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. The circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.' " Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186

F.R.D. 350, 351 (S.D.W.Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2d ed.1995)).

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. As he stated in his petition, Petitioner believes that the one-year statute of limitations governing the filing of habeas corpus petitions under 28 U.S.C. 2254 should have started running upon the completion of the state supreme court's review of his mandamus petition. Unfortunately for Petitioner, direct review of his revocation of parole ended on February 13, 2012, starting the statute-of-limitations clock.[1] Although the federal statute of limitations was tolled during state collateral review,[2] from February 10, 2013 to November 7, 2013, Petitioner missed the filing deadline for his federal habeas petition by over two months.

Because Petitioner has not shown an intervening change in controlling law, new evidence, a clear error of law, or manifest injustice, the motion is denied.

Entered: May 13, 2015

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[1] 28 U.S.C. § 2254(d)(1).
[2] 28 U.S.C. § 2254(d)(2).